Daniel Finnegan  
Thomas M. Dunlap (to be admitted *pro hac vice*)  
David Ludwig (to be admitted *pro hac vice*)  
Dunlap Bennett & Ludwig PLLC  
1717 Pennsylvania Avenue, NW  
Suite 1025  
Washington, DC 20006  
Tel: 202-316-8558  
Fax: 202-318-0242  
dfinnegan@dbllawyers.com  
tdunlap@dbllawyers.com  
dludwig@dbllawyers.com  

Attorneys for Plaintiff Steven J. Cauchi

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. CAUCHI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. _____ |
| ) | |
| DEAD SERIOUS PROMOTIONS LLC, ) | |
| Serve: ) | **COMPLAINT** |
|    Lourdes Perez, R/A ) | |
|    154 Lanes Pond Road ) | |
|    Howell, NJ 07731 ) | **JURY TRIAL DEMANDED** |
| ) | |
| DEAD SERIOUS MMA CAGE ) | |
| RENTAL, LLC, ) | |
| Serve: ) | |
|    Lourdes Perez, R/A ) | |
|    154 Lanes Pond Road ) | |
|    Howell, NJ 07731 ) | |
| ) | |
| FRANCISCO PEREZ ) | |
| d/b/a THE DEAD SERIOUS GROUP and ) | |
| DEAD SERIOUS MMA PROMOTIONS ) | |
| 154 Lanes Pond Road ) | |
| Howell, NJ 07731 ) | |
| ) | |

```
LOURDES PEREZ                              )
d/b/a DEAD SERIOUS FIGHT GEAR              )
154 Lanes Pond Road                        )
Howell, NJ 07731                           )
                                           )
MATTHEW KIRCHHOF                           )
d/b/a DEAD SERIOUS EVENT GROUP and         )
d/b/a TEAM DEAD SERIOUS CLOTHING           )
109 Moses Milch Drive                      )
Howell, NJ 07731                           )
                                           )
        Defendants.                        )
_____)
```

Plaintiff Steven J. Cauchi ("Plaintiff"), by counsel, in support of this Complaint against Defendants Dead Serious Promotions LLC, Dead Serious MMA Cage Rental, LLC, Francisco Perez, Lourdes Perez, and Matthew Kirchhof ("Defendants") states as follows:

## PARTIES

1. Plaintiff is an individual citizen of Australia and the owner of U.S. Trademark Registration No. 3567971 for goods identified in International Class 025. A copy of this registration is attached to this Complaint as EXHIBIT A.

2. Plaintiff is also the owner of U.S. Trademark Registration No. 4284376 for the service mark DEAD SERIOUS® for services identified in International Class 041. A copy of this registration is attached to this Complaint as EXHIBIT B.

3. Defendants Dead Serious Promotions LLC and Dead Serious Cage Rentals LLC are New Jersey limited liability companies with its principal place of business located at 154 Lanes Pond Road Howell, New Jersey 07731.

4. Upon information and belief, Dead Serious Event Group, Team Dead Serious Clothing, Dead Serious Fight Gear, and The Dead Serious Group are unregistered fictitious business names of Defendants Francisco Perez, Lourdes Perez, and Matthew Kirchhof.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 2201-2202 as this action concerns a controversy arising under the trademark laws of the United States and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants Dead Serious Promotions LLC and Dead Serious Cage Rentals LLC because they are registered in the State of New Jersey.

7. This Court has personal jurisdiction over Defendants Francisco Perez, Lourdes Perez, and Matthew Kirchhof because, upon information and belief, each of these defendants resides in and is a citizen of the State of New Jersey.

8. Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(1) because all Defendants reside in this District.

9. Alternatively, venue is proper in this judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff owns all rights, title, and interest in the following federally-registered trademark:

    U.S. Trademark           (Word Mark)

    Registration No.:         3,567,971

    Application Date         April 23, 2008

    Published for Opposition:   November 11, 2008

| | |
|---|---|
| Issue Date: | January 27, 2009 |
| Mark: | DEAD SERIOUS® |
| First Use: | At least as early as 2005 |
| Goods: | Clothing, namely, tops, pants, t-shirts, shirts, close fitting garments for wind protection, namely, wind jackets, shorts, track suits, jumpers, jerseys, polo tops, singlets, jumpers, jackets and wind cheaters; footwear, namely, socks, shoes, boots, running shoes, sandals, casual footwear, sporting footwear, outdoor footwear; hats; caps and visors; hats; bandanas; head wraps; do-rags; beanies; head covers, namely, head scarves; neck covers, namely, scarves and neck wraps. |

A copy of this registration is attached as <u>Exhibit A</u> hereto.

11. Plaintiff owns all rights, title, and interest in the following federally-registered trademark:

| | |
|---|---|
| U.S. Trademark | (Service Mark) |
| Registration No.: | 4,284,376 |
| Application Date | November 22, 2011 |
| Published for Opposition: | November 12, 2012 |
| Issue Date: | February 5, 2013 |
| Mark: | DEAD SERIOUS® |
| First Use: | At least as early as 2005 |
| Services: | Arranging of musical concerts; entertainment, namely, participation in sporting events and recreational events; entertainment, cultural or sporting event ticket booking and reservation services for loyal customers and frequent buyers; event management services in the nature of organization of educational, entertainment, sporting or cultural events, namely, outdoor adventure sports, indoor sports, recreation activities and sporting activities; information services relating to entertainment; production of audio recording; providing information, including online, about education, outdoor adventure sports, indoor sports, recreation activities and sporting activities, |

4

> entertainment, sporting and cultural activities; provision of entertainment services via an online forum, namely, providing an in-person entertainment forum in the field of outdoor adventure sports, indoor sports, recreation activities and sporting activities; television entertainment, namely, television news shows, ongoing television programs in the field of outdoor adventure sports, indoor sports, recreation activities and sporting activities; video entertainment services, namely, providing video podcasts, film clips, video clips or segments in the field of outdoor adventure sports, indoor sports, recreation activities and sporting activities; sports education services, namely, outdoor adventure sports, indoor sports, recreation activities and sporting activity training, displays or instruction; production of webcasts in the field of outdoor adventure sports, indoor sports, recreation activities and sporting activities; non downloadable electronic publications in the nature of news articles, feature clips, sporting events, sporting publications in the field of current event news; advisory services relating to the organization of sporting events; providing a website featuring sporting information; electronic publication of electronic newspapers featuring information on a wide range of topics accessible via a global computer network; provision of information about sports; sports information services.

A copy of this registration is attached as <u>Exhibit B</u> hereto.

12.     The registrations described in the previous paragraphs of this Complaint presumptively establish Plaintiff's ownership of, and exclusive right to use, the relevant mark "DEAD SERIOUS®" (the "DEAD SERIOUS® mark") throughout the entire United States.

13.     Plaintiff, either directly or by the benefit of use by its authorized licensees, has continuously used the DEAD SERIOUS® mark for the goods and services identified in the registrations above, since at least 2005 through the present time.

14.     Plaintiff's DEAD SERIOUS® mark is inherently distinctive. Moreover, over the years, Plaintiff and his licensees have expended funds and effort in promoting the DEAD SERIOUS® mark and related products and services. As a result, Plaintiff has established a

reputation and acquired goodwill in his mark, and his mark has secondary meaning and acquired distinctiveness as well.

15. Defendants have and continue to market products and services, including clothing, protective gear, sporting event planning and promotion, and outdoor event planning. under various marks and brand names confusingly similar to Plaintiff's DEAD SERIOUS® mark

16. On September 24, 2011, Defendant Lourdes Perez filed Trademark Application U.S. Serial No. 85/431,167 in an attempt to register the service mark DEAD SERIOUS INC. FIGHT GEAR.

17. On or about January 13, 2012 the USPTO issued an office action in which it refused Defendant Lourdes Perez's U.S. Application Serial No. 85/431,167 based, in part, on Plaintiff's Registration No. 3,567,971.

18. Defendant Lourdes Perez subsequently filed a Petition for Cancellation of Plaintiff's DEAD SERIOUS® mark with the Trademark Trial and Appeal Board on March 21, 2012.

19. On April 30, 2013 the Trademark Trial and Appeal Board dismissed Defendant's Petition for Cancellation, citing Defendant's failure to prosecute the petition.

20. As a result of these proceedings, it is clear that Defendants are aware of the existence of Plaintiff's Marks and his senior rights to those Marks.

21. Despite the cancellation of Defendant Lourdes Perez's trademark application, upon information and belief Defendants Lourdes Perez, Francisco Perez, Matthew Kirchhof, and/or companies owned or controlled by them have and continue to market clothing and mixed martial arts-related protective gear under the "DEAD SERIOUS FIGHT GEAR" brand through the website www.deadseriousfightgear.com.

22. The website www.deadseriousfightgear.com, which contains links to other websites maintained by Defendants, purports to be the property of "The Dead Serious Group."

23. The domain name www.deadseriousfightgear.com is currently registered to Francisco Perez.

24. Upon information and belief, "The Dead Serious Group" is an unregistered fictitious business name of Defendant Francisco Perez.

25. Upon information and belief, Defendants Francisco Perez, Lourdes Perez, and Matthew Kirchhof have and continue to sell clothing under the brand name "TEAM DEAD SERIOUS" through the website http://kirchhofmatt.wix.com/team-dead-serious.

26. The website http://kirchhofmatt.wix.com/team-dead-serious purports to be the property of "Team Dead Serious Clothing."

27. Upon information and belief "Team Dead Serious Clothing" is an unregistered fictitious business name of Defendant Matthew Kirchhof.

28. Upon information and belief, Defendants Francisco Perez, Lourdes Perez, and Matthew Kirchhof have and continue to offer mixed martial arts event promotions and services under name "DEAD SERIOUS MMA PROMOTIONS" through the website www.deadseriousmma.com.

29. The domain name www.deadseriousmma.com is currently registered to Francisco Perez.

30. Upon information and belief, "Dead Serious MMA Promotions" is an unregistered fictitious business name of Defendant Francisco Perez.

7

31. Upon information and belief, Defendant Matthew Kirchhof has continued to offer event planning services under name "DEAD SERIOUS EVENTS GROUP" through the website http://kirchhofmatt.wix.com/dseventgroup.

32. The website http://kirchhofmatt.wix.com/dseventgroup purports to be the property of "Dead Serious Event Group."

33. Upon information and belief, "Dead Serious Event Group" is an unregistered fictitious business name of Matthew Kirchhof.

34. On May 8, 2015, when Plaintiff learned that Defendants were using a mark confusingly similar to Plaintiff's distinctive DEAD SERIOUS® marks for the exact same goods and services that Plaintiff offers under the DEAD SERIOUS® marks, Plaintiff had its counsel contact Defendants to request that Defendants cease its infringement.  A copy of the cease and desist letter from sent from Plaintiff's counsel to Defendants Francisco Perez, Lourdes Perez, Matthew Kirchhof, Dead Serious Fight Gear, and Team Dead Serious Clothing is attached as Exhibit C and is incorporated by reference.

35. On or about May 17, 2015, counsel for Defendants sent counsel for Plaintiff a letter stating that the Defendants "have not committed trademark infringement under the Lanham Act against [Plaintiff]." A copy of this response letter is attached as Exhibit D and is incorporated into this Complaint by reference.

<u><b>Count I</b></u><br>
<b>(Federal Trademark Infringement)</b>

36. Plaintiff incorporates by reference each allegation set forth above in Paragraphs 1-35 as though fully set forth herein.

37. Claims under this count are predicated on the provisions of the Federal Trademark Act or the Lanham Act, 15 U.S.C. § 1051, et seq.

38. Defendants sold or presented for sale to third parties services under the names "Dead Serious Fight Gear" and "Team Dead Serious" that are the same goods and services that Plaintiff sells or presents for sale under its registered DEAD SERIOUS® mark.

39. With full knowledge and awareness of Plaintiff's ownership of its DEAD SERIOUS® marks, Defendants have used and continued to use "DEAD SERIOUS" in interstate commerce in a manner likely to cause confusion, or to cause mistake, or to deceive the public as to the source, sponsorship or approval of its mark, products, goods and services, all in violation of 15 U.S.C. § 1114(1).

40. Defendants' infringements of Plaintiff's DEAD SERIOUS® mark are willful and deliberate and deprive Plaintiff of the benefit of its DEAD SERIOUS® brand name, goodwill and reputation.

41. Plaintiff has suffered financial damage and immediate and irreparable harm by virtue of Defendants' actions and will continue to be harmed unless granted relief by this Court. Plaintiff has no adequate remedy at law against Defendants' trademark infringement.

42. This is an extraordinary case of willful infringement because Defendants have willfully and maliciously continued its infringement of the DEAD SERIOUS® mark for over twelve months despite actual notice of the mark and requests to cease and desist using it.

**Count II**
**(False Advertising and False Designation of Origin)**

43. Plaintiff incorporates by reference each allegation set forth above in Paragraphs 1-42, as though fully set forth herein.

44. Claims under this count are predicated on provisions of the Federal Trademark Act or Lanham Act, 15 U.S.C. § 1051, et seq.

45. Defendants have sold or presented goods and services for sale to third parties without authorization from Plaintiff under various marks that infringe upon Plaintiff's rights in the DEAD SERIOUS® mark.

46. With full knowledge and awareness of Plaintiff's ownership of its DEAD SERIOUS® mark, Defendants' use of Plaintiff's mark constitutes a false designation of origin or false misrepresentation in commercial advertising and promotion that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to whether Plaintiff has sponsored, approved or authorized Defendants' services or is otherwise connected to or affiliated with them, all in violation of 15 U.S.C. § 1125(a).

47. Defendants' acts of unfair competition are willful and deliberate and deprive Plaintiff of the benefit of its DEAD SERIOUS® brand name, goodwill and reputation.

48. Plaintiff has suffered damage and immediate and irreparable harm by virtue of Defendants' actions and will continue to be harmed unless granted relief by this Court. Plaintiff has no adequate remedy at law against Defendants' false advertising and false designation of origin.

49. This is an extraordinary case of willful infringement because Defendants have willfully and maliciously continued its infringement of the DEAD SERIOUS® mark for at least two despite actual notice of the Plaintiff's marks and requests to cease and desist using it.

**Count III**
**(Common Law Trademark Infringement)**

50. Plaintiff incorporates by reference each allegation set forth above in Paragraphs 1-49 as though fully set forth herein.

51. Defendants have sold or presented goods and services for sale to third parties without authorization from Plaintiff under a mark confusingly similar to Plaintiff's DEAD SERIOUS® marks where there has been actual confusion in the relevant marketplace.

52. With full knowledge and awareness of Plaintiff's ownership of its DEAD SERIOUS® marks, Defendants have used and continued to use Plaintiff's DEAD SERIOUS® mark in interstate commerce in a manner likely to cause confusion, or to cause mistake, or to deceive the public as to the source, sponsorship or approval of such services, all in violation of the common law of New Jersey. Defendants have passed off its products and services as those of Plaintiff.

53. Defendants' infringement of Plaintiff's DEAD SERIOUS® mark is and has been willful and deliberate and deprives Plaintiff of the benefit of its DEAD SERIOUS® brand name, goodwill and reputation.

54. Plaintiff has suffered damage and immediate and irreparable harm by virtue of Defendants' actions, and will continue to be harmed unless granted relief by this Court. Plaintiff has no adequate remedy at law against Defendants' trademark infringement.

55. This is an extraordinary case of willful infringement because Defendants have willfully and maliciously continued its infringement of the DEAD SERIOUS® mark for over twelve months despite actual notice of the mark and requests to cease and desist using it.

### Count IV
### (Common Law Unfair Competition)

56. Plaintiff incorporates by reference each allegation set forth above in Paragraphs 1-55, as though fully set forth herein.

57. Defendants have sold or presented services for sale to third parties without authorization from Plaintiff under a mark confusingly similar to Plaintiff's DEAD SERIOUS® mark, and Defendants have passed off it products and services as those of Plaintiff.

58. Committed with full knowledge and awareness of Plaintiff's ownership of the DEAD SERIOUS® mark, Defendants' use of a mark confusingly similar to Plaintiff's DEAD SERIOUS® mark constitutes a false designation of origin or false misrepresentation that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to whether Plaintiff has sponsored, approved or authorized Defendants' services or is otherwise connected to them.  Such conduct constitutes unfair competition under the common law.

59. Defendants' acts of unfair competition are willful and deliberate and deprive Plaintiff of the benefit of Plaintiff's DEAD SERIOUS® brand name, goodwill and reputation.

60. Plaintiff has suffered damage and immediate and irreparable harm by virtue of Defendants' actions, and Plaintiff will continue to be harmed unless granted relief by this Court. Plaintiff has no adequate remedy at law against Defendants' unfair competition.

61. This is an extraordinary case of willful infringement because Defendants have willfully and maliciously continued its unfair competition for over twelve months despite actual notice of the DEAD SERIOUS® and despite Plaintiff's demands that Defendants cease and desist from using it.

WHEREFORE, Plaintiff respectfully requests the Court to order, adjudge and decree as follows:

A. Defendants, their agents, servants, contractees and all others acting in concert or privity with them, be preliminarily and permanently enjoined from displaying, selling

or manufacturing any products, software, or services using the name, mark or logo DEAD SERIOUS® or any variation of DEAD SERIOUS or a confusingly similar mark.

    B. Plaintiff be awarded monetary damages against Defendants of at least $250,000 plus costs of suit, reasonable attorneys' fees, and pre-judgment and post-judgment interest at the statutory rates;

    C. Award Plaintiff all gains, revenues and profits derived by Defendants from its wrongful use or infringement of the DEAD SERIOUS® mark;

    D. Award Plaintiff a reasonable royalty for Defendants' wrongful and infringing use of a mark confusingly similar to the DEAD SERIOUS® mark;

    E. Plaintiff be awarded trebled damages on its state-law claims as is proper under N.J. Stat. § 56:4-2;

    F. Defendants, and each of their agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them, be enjoined and restrained, preliminarily, perpetually and permanently from:

      1. Using in any manner the infringing mark or DEAD SERIOUS® mark, alone or in combination with any other word or words, or using the DEAD SERIOUS® mark or other words or symbols which so resemble any words, names or symbols of said mark as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product, service or software service which is not manufactured, distributed or otherwise expressly authorized in writing by or for Plaintiff;

2. Attempting to or passing-off, or inducing or enabling others to sell or pass-off, any product, service, as a product or software service affiliated with or sponsored by Plaintiff, which product is not produced under the control and supervision of Plaintiff and expressly approved by Plaintiff for sale under the DEAD SERIOUS® mark;

3. Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendants' unauthorized products or services are associated with, sponsored by, approved by, guaranteed by, connected with or produced under the control and supervision of, or within the express written permission of, Plaintiff;

4. Otherwise competing unfairly with Plaintiff in any manner;

5. Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of in any manner advertising materials, goods, products, services, software or inventory bearing the DEAD SERIOUS® mark, alone or in combination with any other word or words, which materials, goods products, services, software or inventories were not manufactured by or for Plaintiff or expressly authorized in writing by Plaintiff to be used, sold or offered for sale in association with or bearing said mark;

6. Continuing to perform in any manner whatsoever any infringing acts.

G. Defendants be required to deliver immediately to Plaintiff or its attorneys for destruction any and all software, circulars, price lists, labels, signs, prints, packages,

wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing the DEAD SERIOUS® mark, alone or in combination with any other word or words, or any other words or symbols which so resemble said Mark as to be likely to cause confusion, mistake or deception, which can be used in connection with the advertising, offering for sale, or sale of any product, software, service which is not manufactured, distributed, or expressly authorized in writing by Plaintiff.

      H.     Defendants be required to deliver immediately to Plaintiff or its attorneys for destruction any and all disks, tapes, computer graphics files, molds, plates, screens, graphics, matrixes, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of the DEAD SERIOUS® mark.

      I.     Defendants be required to account for and pay to Plaintiff the following:

         1.     Three times all gains, profits, benefits and advantages derived by Defendants or three times all damages suffered by Plaintiff, whichever is greater, from the above-described acts of infringement, conspiracy, misrepresentation, and unfair competition;

         2.     Three times all damages suffered by Plaintiff from the above-described acts of infringement, conspiracy, misrepresentation, and unfair competition, and such other damages as the Court shall deem to be just;

         3.     An award of pre- and post-judgment interest, and all costs, statutory damages, attorneys' fees, and investigator's fees incurred in this matter.

      J.     For all such other and further relief as this Court deems just and proper.

Dated:  November 24, 2015

        Respectfully submitted,

        Steven J. Cauchi
        By Counsel

        _s/ Daniel Finnegan_____
        Daniel Finnegan (Dist. N.J. admission)
        Thomas M. Dunlap (to be admitted *pro hac vice*)
        David Ludwig (to be admitted *pro hac vice*)
        Dunlap Bennett & Ludwig PLLC
        1717 Pennsylvania Avenue, NW
        Suite 1025
        Washington, D.C. 20006
        (202) 316-8558
        (202) 318-0242 (fax)
        dfinnegan@dbllawyers.com
        tdunlap@dbllawyers.com
        dludwig@dbllawyers.com

        Counsel for the Plaintiff